UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 1:23-cr-00033-TLN-EPG |
| Plaintiff, | |
| v. | **ORDER** |
| MICHAEL RAY ACOSTA, | |
| Defendant. | |

This matter is before the Court on Defendant Michael Ray Acosta's ("Defendant") Motion for Credit for Time Served. (ECF No. 212.) The Government filed an opposition. (ECF No. 214.) Defendant filed a reply. (ECF No. 222.) For the reasons set forth below, Defendant's motion is DENIED.

While Defendant was serving a state prison sentence for murder, a federal grand jury in the Eastern District of California indicted Defendant on February 16, 2023. (ECF No. 1.) Defendant was then taken from state custody to federal court in the Eastern District of California. (ECF No. 44.) On February 12, 2025, Defendant pleaded guilty to one count of the indictment. (ECF No. 132.) On June 2, 2025, this Court sentenced Defendant to "63 months consecutive to the Monterey County Superior Court Docket No. SC950327." (ECF No. 165 at 2.) On March 24, 2026, Defendant, proceeding *pro se*, filed the instant motion for credit for time served. (ECF No. 212.)

1

Defendant contends his state criminal matter was reversed and remanded after he was taken into federal custody.  (ECF No. 212 at 2.)  Defendant further contends his conviction was thereafter reduced to manslaughter, resulting in a significantly lower sentencing range.  (*Id.*) Defendant argues his "sentencing obligation" for the state criminal matter ended on July 21, 2021, years before Defendant was arrested and detained in federal custody.  (*Id.*)

Defendant cites no authority that would allow the Court to rule on this issue.  To the extent Defendant has concerns regarding the calculation of his federal sentence, he should raise this issue with the Bureau of Prisons.  28 C.F.R. §§ 542.10-542.16.  Once Defendant has exhausted his administrative remedies, he may then seek judicial review of any pre-sentence custody determination by the Bureau of Prisons by filing a writ of habeas corpus under 28 U.S.C. § 2241 in the district court where he is confined.  *Wales v. Whitney*, 114 U.S. 564, 574 (1885).

For the foregoing reasons, Defendant's motion is hereby DENIED.  (ECF No. 212.)

IT IS SO ORDERED.

Date: May 27, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

2