UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MICHAEL RAY ACOSTA,<br>Defendant. | No. 1:23-cr-00033-TLN-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 BE DENIED, AND DIRECTING THE CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF PLAINITIFF AND CLOSE THE CASE<br><br>(ECF No. 230) |

## I. INTRODUCTION

Defendant Michael Ray Acosta is a federal prisoner proceeding *pro se* on a 28 U.S.C. § 2255 motion filed on June 12, 2026 seeking to vacate, set aside, or correct the June 2, 2025 judgment entered upon his conviction of a single count for conspiracy to distribute and possession with intent to distribute methamphetamine, heroin and marijuana. (ECF No. 165). The Court sentenced Defendant to 63 months consecutive months in custody followed by 48 months under supervised released with conditions. (ECF No. 164).

Defendant claims that his trial counsel was ineffective asks that the Court "order credit for the time he served while in federal custody, [and] navigating the judicial process." (ECF No. 230 at 4). Defendant argues that he should be given credit for time served while in the custody of the State of California because his state murder conviction was reversed on appeal, and his subsequent manslaughter conviction resulted in a shorter sentence.

Plaintiff United States of America filed its opposition on June 16, 2026. (ECF No. 232). No reply was filed by Defendant.

After reviewing the motion, the record, the files, and the controlling authority, the Court recommends denying Defendant's motion.

## II. BACKGROUND

On July 21, 1995, Defendant was convicted of murder and sentenced to life in prison. (ECF Nos. 230 at 20; 160 at 1).

A Fresno grand jury indicted defendant Acosta on February 16, 2023, while he was serving a state prison sentence in the custody of the California Department of Corrections. (*See* ECF No. 1). Defendant's initial appearance in federal court in the Eastern District of California was on April 19, 2023, following a transfer from the custody of the state of California by way of writ of habeas corpus. (ECF Nos. 44, 57).

Under a plea agreement, Defendant pled guilty to one count on February 12, 2025. (ECF No. 132). In that agreement, Defendant waived his right to appeal and to collaterally attack, including a motion under 28 U.S.C. § 2255 or § 2241, his conviction and sentence. (*Id.* at 9). Defendant was sentenced on June 2, 2025, and during the hearing he asked the Court to run the federal sentence concurrent to his state murder sentence. (ECF No. 160). After hearing argument, the Court sentenced Defendant to "63 months consecutive to the Monterey County Superior Court Docket No. SC950327." (ECF No. 165).

On November 14, 2025, his state conviction for murder was reduced to voluntary manslaughter and was re-sentenced to 26 years imprisonment. (ECF No. 230 at 20).

On March 25, 2026, Defendant filed a motion for credit for time served. (ECF No. 212). The government opposed the motion. (ECF No. 214). The Court denied the motion because Defendant cited no authority to revisit the sentence imposed. (ECF No. 228). However, the Court noted that Defendant could raise the issue with the Bureau of Prisons, and then after exhausting administrative remedies, file a writ of habeas corpus under 28 U.S.C. § 2241 in the district where he is confined. (*Id.* at 2).

Defendant filed his motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255 on June 12, 2026. (ECF No. 230). The government filed its opposition on June 16, 2026. (ECF No. 232).

\\\

## III. MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER § 2255

In his motion, Defendant states the ground on which he seeks relief is ineffective assistance of counsel at sentencing, which Defendant represents is because his counsel put forth a "frivolous argument." (ECF No. 230 at 4). Defendant argues that counsel failed to raise and address Defendant's eligibility for earned time credits under the First Step Act. (*Id.*). Defendant argues that his state conviction for murder was reversed and remanded that none of Defendant's time spent incarcerated in his state case was credited towards any other sentence. (*Id.* at 17). Defendant further argues that because his state sentence was completed on July 21, 2021, well before his federal indictment, his credit for time served could not be applied to his state case and should therefore be applied to his current 63-month sentence in federal custody.

In its opposition, the government argues that Defendant's motion should be denied for three reasons. First, the motion is barred because Defendant knowingly and voluntarily waived his right to collaterally attack his sentence under § 2255 in his plea agreement. (ECF No. 232 at 2). Second, Defendant's claim is not cognizable under § 2255 and should have been brought, if at all, under 28 U.S.C § 2241 in the district of confinement, after exhausting the administrative remedies. Additionally, a sentencing court does not adjudicate FSA credit eligibility. (*Id.*). Finally, Defendant's counsel was not deficient, and defendant did not suffer prejudice because FSA credit eligibility is again not adjudicated by a sentencing court but rather determined by the Bureau of Prisons. (*Id.*at 3).

## IV. LEGAL STANDARDS

A person in custody under sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a); *see also United States v. Hayman,* 342 U.S. 205, 217 (1952). The permissible grounds for a motion under § 2255 are "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack. . . ." 28 U.S.C. § 2255(a).

To warrant relief, the prisoner must demonstrate the existence of an error of constitutional

magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("*Brecht's* harmless error standard applies to habeas cases under § 2255[.]"). Relief on an asserted error of law is warranted only upon the showing of "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 345-46 (1974) (citing *Hill v. United States*, 368 U.S. 424, 428-29 (1962)). "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994); *see also Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (stating "vague and conclusory" allegations in a § 2255 motion do not support relief); *Neighbors v. United States*, 457 F.2d 795, 795 (9th Cir. 1972) (affirming denial of § 2255 motion where the allegations regarding ineffective assistance of counsel were entirely conclusory and without support in the record).

If a court finds that relief is warranted under § 2255, it must " 'vacate and set the judgment aside' " and then do one of four things: " 'discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.' " *United States v. Barron,* 172 F.3d 1153, 1157 (9th Cir. 1999) (quoting 28 U.S.C. § 2255).

## V. ANALYSIS

The Court recommends denying Defendant's motion for the same reason the Court denied Plaintiff's Motion for Credit for Time Served. (ECF No. 228). In that order, the Court explained:

> Defendant contends his state criminal matter was reversed and remanded after he was taken into federal custody. (ECF No. 212 at 2.) Defendant further contends his conviction was thereafter reduced to manslaughter, resulting in a significantly lower sentencing range. (*Id.*) Defendant argues his "sentencing obligation" for the state criminal matter ended on July 21, 2021, years before Defendant was arrested and detained in federal custody. (*Id.*)
>
> Defendant cites no authority that would allow the Court to rule on this issue. To the extent Defendant has concerns regarding the calculation of his federal sentence, he should raise this issue with the Bureau of Prisons. 28 C.F.R. §§ 542.10-542.16. Once Defendant has exhausted his administrative remedies, he may then seek judicial review of any pre-sentence custody determination by the Bureau of Prisons by filing a writ of habeas corpus under 28 U.S.C. § 2241 in the district court where he is confined. *Wales v. Whitney*, 114 U.S. 564, 574 (1885).

(ECF No. 228 at 2).

A federal prisoner challenging the legality of his conviction or sentence may do so in a motion brought under 28 U.S.C. § 2255. However, a federal prisoner who challenges the manner, location or conditions of the execution of a sentence must do so in a petition brought pursuant to 28 U.S.C. § 2241. The Ninth Circuit has made this distinction directly: "motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam).

The Supreme Court has held that it is the Attorney General, through the Bureau of Prisons—not the sentencing court—who computes sentence credit after sentencing. *United States v. Wilson*, 503 U.S. 329, 334–35 (1992) (under §3585(b), a district court does not have authorization to compute credit at sentencing…but it is "after the district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence."). As such, Courts have considered an earned-time-credit dispute brought under the First Step Act, as a matter brought against the warden in the district of confinement, following exhaustion of Bureau of Prisons administrative remedies. *See Gonzalez v. Herrera*, 151 F.4th 1076, 1079–81 (9th Cir. 2025) (" …having exhausted his administration remedies, Gonzalez…filed his petition for habeus corpus pursuant to 28 U.S.C. § 2241 against Herrea and the BOP."); *Valladares v. Ray*, 130 F.4th 74 (4th Cir. 2025) (FSA earned-time-credit eligibility litigated under § 2241).

Here, Defendant's motion does not challenge the sentence itself—it challenges the execution of the sentence under the First Step Act. Defendant thus does not provide a basis for relief under § 2255. As the Court has already instructed Defendant, "[t]o the extent Defendant has concerns regarding the calculation of his federal sentence, he should raise this issue with the Bureau of Prisons. 28 C.F.R. §§ 542.10-542.16. Once Defendant has exhausted his administrative remedies, he may then seek judicial review of any pre-sentence custody determination by the Bureau of Prisons by filing a writ of habeas corpus under 28 U.S.C. § 2241 in the district court where he is confined." (ECF No. 228 at 2).

Because Defendants' argument about ineffective assistance of counsel is based on the

same argument, i.e., that the sentencing court failed to correctly calculate the calculation of his federal sentence, it too does not provide a basis for vacating the sentence under § 2255.

## VI. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court finds Defendant has failed to state a claim for relief under 28 U.S.C. § 2255 because of ineffective assistance of counsel during sentencing.

As such, the Court **HEREBY RECOMMENDS**:

1. Defendant's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 is **DENIED.**
2. The Clerk of Court is directed to enter judgment for the government and close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 20, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE